IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ELITE GAMING TECH LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| INVENTEC CORPORATION, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Elite Gaming Tech LLC ("EGT" or "Plaintiff"), for its Complaint against Defendant Inventec Corporation ("Inventec" or "Defendant") alleges as follows:

**THE PARTIES**

1. EGT is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, Texas 75670.

2. Upon information and belief, Defendant Inventec is a corporation organized and existing under the laws of Taiwan, with its principal place of business located at No. 66, Hougang Street, Shin-Lin District, Taipei City, 11170, Taiwan. Inventec is a leading manufacturer and seller of computers and storage equipment in the world and in the United States. Upon information and belief, Inventec does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On December 6, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,973,535 (the "'535 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '535 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=6973535.

8. On June 9, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,546,411 (the "'411 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '411 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=7546411.

9. On August 16, 2011, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 8,001,321 (the "'321 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '321 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=8001321.

10. On November 13, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,312,209 (the "'209 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '209 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=8312209.

11. On January 14, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,631,196 (the "'196 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '196 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=8631196.

12. On April 10, 2018, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,940,025 (the "'025 Patent") entitled "Digital Device Configuration and Method". A true and correct copy of the '025 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=9940025.

13. EGT is the sole and exclusive owner of all right, title, and interest in the '535 Patent, the '411 Patent, the '321 Patent, the '209 Patent, the '196 Patent, and the '025 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.

## FACTUAL ALLEGATIONS

14. The '535 Patent, the '411 Patent, the '321 Patent, the '209 Patent, the '196 Patent, and the '025 Patent generally relate to data storage arrangements. The technology described by the '535 Patent, the '411 Patent, the '321 Patent, the '209 Patent, the '196 Patent, and the '025

Patent was developed by inventors Curtis H. Bruner, Lance R. Carlson, and Jeffrey E. Mast. For example, the technology described in the Patents-in-Suit is implemented in computer systems, such as servers, which utilize infringing hard disk drive.

15. Third-parties Western Digital ("WD") and Hitachi Global Storage Technologies ("HGST") supply Hard Disk Drives ("HDDs") and Solid-State Hybrid Drives ("SSHDs") that implement the infringing technologies. These Hard Disk Drives include WD Blue, Black, Red, Purple, and Gold drives, as well as HGST Ultrastar, Travelstar, Deskstar, Endurastar, and Cinemastar drives. Inventec makes, uses, sells, and/or imports servers, that include one or more WD and/or HGST HDDs. For example, upon information and belief, these infringing computers include the Inventec servers that include one or more WD and/or HGST HDDs, SSHDs, and Dual-Drive Hybrid Systems.

16. Inventec has infringed the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including computer systems which utilize HDDs, SSHDs and Dual-Drive Hybrid Systems.

## COUNT I
**(Infringement of the '535 Patent)**

17. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

18. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '535 Patent.

19. Defendant has directly infringed the '535 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '535 Patent. Such products include computer devices, such

4

as servers which utilize hard disks.  Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers which utilize infringing hard disk drives.

20.     For example, Defendant has indirectly infringed at least claim 20 of the '535 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the Ultrastar DC HC350.

21.     For example, the Inventec U30G4 server is a system that includes an electromechanical digital data storage arrangement (e.g., a server containing an Ultrastar DC HC530).  The Inventec U30G4 has a rotatable disk and an actuator arm which performs write operations and read operations from the disk under the control of a servo electronics device having a servo serial interface, in cooperation with a read/write electronics device having a read/write serial interface for control thereof, and a preamp electronics device having a preamp serial interface for control thereof, such that digital data can be written to or read from the disk responsive to a host device.  Inventec U30G4 includes a storage arrangement thereby includeing a plurality of devices and associated device serial interfaces.  The Inventec U30G4 server performs the step of configuring a primary serial gateway, forming part of the storage arrangement for externally bi-directionally transferring a serial control-related data, which is used in operating the devices.  The Inventec U30G4 server performs the step of arranging a host serial interface, as part of the host device in data communication with the primary serial gateway of the storage arrangement, for applying a serial protocol to the serial control-related data passing between the host device and the storage arrangement.  The Inventec U30G4 server performs the step of using a serial router, as part of the storage arrangement and in data communication with the primary serial gateway, to manage the serial control-related data between the primary serial gateway and each of the device serial

interfaces.

22. Defendant has indirectly infringed one or more claims of the '535 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

23. Defendant, with knowledge[1] that these products, or the use thereof, infringe the '535 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '535 Patent by providing these products to end-users for use in an infringing manner.

24. Defendant has induced infringement by others, including end- users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '535 Patent, but while remaining willfully blind to the infringement.

25. EGT has suffered damages as a result of Defendant's indirect infringement of the '535 Patent in an amount to be proved at trial.

## COUNT II
### (Infringement of the '411 Patent)

26. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

27. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '411 Patent.

28. Defendant has directly infringed the '411 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using,

---

[1] Inventec cited directly to the '535 Patent during the prosecution of its own U.S. Patent Application US20070169117A1, which was published on July 19, 2007.

offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '411 Patent. Such products include computer devices, such as servers which utilize hard disks Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers which utilize infringing hard disk drives.

29. For example, Defendant has indirectly infringed at least claim 1 of the '411 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the WD Black HDDs.

30. For example, the Inventec U30G4 server is an electromechanical digital data storage arrangement that includes a disk for storing first data (e.g., a server containing a WD Black Drive). The Inventec U30G4 includes two or more digital devices that each have a dedicated serial interface. The Inventec U30G4 server performs the step of providing bi-directional control related serial data that is clocked using a clock signal. The Inventec U30G4 server performs the step of writing the first data to the disk using the clock signal as a time base reference. The Inventec U30G4 server performs the step of setting a serial router to route the bi-directional control related serial data to a selected digital device so as to implement a particular command set for the selected digital device. The Inventec U30G4 server performs the step of routing the bi-directional control related serial data to the selected digital device via the dedicated serial interface of the selected device.

31. Defendant has indirectly infringed one or more claims of the '411 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

32. Defendant, with knowledge[2] that these products, or the use thereof, infringe the '411 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '411 Patent by providing these products to end-users for use in an infringing manner.

33. Defendant has induced infringement by others, including end- users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '411 Patent, but while remaining willfully blind to the infringement.

34. EGT has suffered damages as a result of Defendant's indirect infringement of the '411 Patent in an amount to be proved at trial.

## COUNT III
### (Infringement of the '321 Patent)

35. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

36. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '321 Patent.

37. Defendant has directly infringed the '321 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '321 Patent. Such products include computer devices, such as servers which utilize hard disks. Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers whichutilize infringing hard disk drives.

38. For example, Defendant has indirectly infringed at least claim 16 of the '321 Patent

---

[2] Inventec cited to the '411 Patent family during the prosecution of its own foreign patent TWI303780B, which was published on December 1, 2008.

by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the Ultrastar DC HC350.

39. For example, the Inventec U30G4 server performs the step of providing an electromechanical data storage arrangement (*e.g.*, a server containing an Ultrastar DC HC530) configured to perform, directly and without discretion, one or more tasks upon receipt of one or more native code instructions.  The Inventec U30G4 server performs the step of providing a host device comprising a host processor, memory and a user interface, the memory storing device code for controlling the host device and storing native device code configured for directly controlling the electromechanical data storage arrangement.  The Inventec U30G4 server performs the step of executing a control program using the host processor, the control program controlling the host device, the control program comprising native control device code executed to directly interface with the storage arrangement using one or more native code instructions.  The Inventec U30G4 server performs the step of transmitting the one or more native code instructions from the host processor to the electromechanical data storage arrangement, the one or more native code instructions traveling between the host processor and the electromechanical data storage arrangement without interpretation through intervening high-level protocol layers.  The Inventec U30G4 server performs the step of receiving a first user interaction at the user interface, the first user interaction identifying a first set of data; wherein transmitting the one or more native code instructions occurs in response to the partially-completed user interaction received at the user interface; and wherein receiving the first interaction occurs over a first user interaction time period, the first user interaction time period comprises a data identification point where the first set of data is identified, and wherein transmitting the one or more native code instructions occurs before the

data definition point.

40. Defendant has indirectly infringed one or more claims of the '321 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

41. Defendant, with knowledge[3] that these products, or the use thereof, infringe the '321 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '321 Patent by providing these products to end-users for use in an infringing manner.

42. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '321 Patent, but while remaining willfully blind to the infringement.

43. EGT has suffered damages as a result of Defendant's indirect infringement of the '321 Patent in an amount to be proved at trial.

## COUNT IV
### (Infringement of the '209 Patent)

44. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

45. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '209 Patent.

46. Defendant has directly infringed the '209 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using,

---

[3] Inventec's subsidiary, Inventec Appliances Corp., cited to the '321 Patent family during the prosecution of its own foreign patent TWI306563B, which was published on February 21, 2009.

offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '209 Patent. Such products include computer devices, such as server which utilize hard disks. Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers which utilize infringing hard disk drives.

47. For example, Defendant has indirectly infringed at least claim 6 of the '209 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the WD Black HDDs.

48. For example, the Inventec U30G4 server is a host device having a data storage arrangement (*e.g.*, a server containing a WD Black Drive). The Inventec U30G4 server performs the step of receiving via a user interface a first user command to perform a data transfer operation, the first user command specifying one or more files and an action to be taken with respect to the one or more files, the first user command being, irrespective of a state, of the host device, comprised of a set of two or more user actions, wherein the set has one or more user actions that identifies the specified files, and one or more other distinct user actions that specifies the action to be taken. The Inventec U30G4 server performs the step of causing the data storage arrangement to perform a first portion of the data transfer operation before the command has been completed and at least one other user action of the command has been performed.

49. Defendant has indirectly infringed one or more claims of the '209 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

11

50. Defendant, with knowledge[4] that these products, or the use thereof, infringe the '209 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '209 Patent by providing these products to end-users for use in an infringing manner.

51. Defendant has induced infringement by others, including end- users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '209 Patent, but while remaining willfully blind to the infringement.

52. EGT has suffered damages as a result of Defendant's indirect infringement of the '209 Patent in an amount to be proved at trial.

## COUNT V
### (Infringement of the '196 Patent)

53. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

54. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '196 Patent.

55. Defendant has directly infringed the '196 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '196 Patent. Such products include computer devices, such as servers which utilize hard disks. Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers which utilize infringing hard disk drives.

56. For example, Defendant has indirectly infringed at least claim 10 of the '196 Patent

---

[4] Inventec's subsidiary, Inventec Appliances Corp., cited to the '321 Patent family during the prosecution of its own foreign patent TWI306563B, which was published on February 21, 2009.

by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers, which utilize infringing hard disk drives, such as the WD Black HDDs.

57.     For example, the Inventec U30G4 server performs a method of controlling a storage arrangement (*e.g.*, a server containing WD Black Drive).  The Inventec U30G4 server performs the step of receiving a command, the command related to one or more sets of data and a job to be performed with respect to the one or more of the sets of data, the command, irrespective of a state of the host device, comprising two or more actions, wherein the two or more actions comprise: one or more identity actions that identify the one or more sets of data; and one or more directive actions, distinct from the identity actions, that specify the job to be performed.  The Inventec U30G4 server performs the step of causing a data storage arrangement to perform a first portion of a data transfer operation related to the one or more identified sets of data, the first portion of the data transfer operation performed before the command has been completed and after at least one identity action of the command has been performed.

58.     Defendant has indirectly infringed one or more claims of the '196 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

59.     Defendant, with knowledge[5] that these products, or the use thereof, infringe the '196 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '196 Patent by providing these products to end-users for use in an infringing

---

[5] Inventec's subsidiary, Inventec Appliances Corp., cited to the '321 Patent family during the prosecution of its own foreign patent TWI306563B, which was published on February 21, 2009.

manner.

60. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '196 Patent, but while remaining willfully blind to the infringement.

61. EGT has suffered damages as a result of Defendant's indirect infringement of the '196 Patent in an amount to be proved at trial.

### COUNT VI
### (Infringement of the '025 Patent)

62. Paragraphs 1 through 16 are incorporated by reference as if fully set forth herein.

63. EGT has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '025 Patent.

64. Defendant has directly infringed the '025 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '025 Patent. Such products include computer devices, such as servers which utilize hybrid disk drives. Upon information and belief, such Inventec products include at least Inventec computer systems, such as servers, which utilize SSHDs or Dual Drive Hybrid Systems.

65. For example, Defendant has indirectly infringed at least claim 12 of the '025 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computer systems, such as servers which utilize infringing SSHDs or Dual Drive Hybrid Systems.

66. For example, the Inventec U30G4 server is a device having a solid-state memory,

a digital data storage arrangement configured to store data (*e.g.*, an SSHD or Dual Drive Hybrid System), a processor, and a user interface (*e.g.*, a web administration tool, a/v interface, and/or USB hub).  The Inventec U30G4 server performs the step of receiving user interaction with the user interface.  The Inventec U30G4 server performs the step of monitoring the user interaction to define a particular use of selected data stored on the digital data storage arrangement.  The Inventec U30G4 server performs the step of transferring the selected data from the digital data storage arrangement to the solid-state memory based on the monitoring such that the selected data is subsequently available in the solid-state memory without the need to access the digital data storage arrangement; wherein the digital data storage arrangement is susceptible to data corruption or unavailability from mechanical shock; and wherein the transferring of the selected data begins prior to termination of the user interaction.

67. Defendant has indirectly infringed one or more claims of the '025 Patent by knowingly and intentionally inducing others, including Inventec customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

68. Defendant, with knowledge[6] that these products, or the use thereof, infringe the '025 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '025 Patent by providing these products to end-users for use in an infringing manner.

69. Defendant has induced infringement by others, including end- users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high

---

[6] Inventec's subsidiary, Inventec Appliances Corp., cited to the '321 Patent family during the prosecution of its own foreign patent TWI306563B, which was published on February 21, 2009.

probability that others, including end-users, infringe the '025 Patent, but while remaining willfully blind to the infringement.

70. EGT has suffered damages as a result of Defendant's indirect infringement of the '025 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EGT prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order awarding damages sufficient to compensate EGT for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

c. Entry of judgment declaring that this case is exceptional and awarding EGT its costs and reasonable attorney fees under 35 U.S.C. § 285; and

d. Such other and further relief as the Court deems just and proper.

Dated:  April 24, 2023                               Respectfully submitted,

 /s/ *Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South

Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, New Jersey 07078
Telephone: (201) 341-9445
Facsimile (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

***ATTORNEYS FOR PLAINTIFF
ELITE GAMING TECH LLC***